■ In the Matter of MARC A. LANDIS, Temporary Guardian of the Property for the Appointment of Guardian for LEA C. DEBORA, Also Known as CLAIRE HILLEL. MARC A. LANDIS et al., Respondents, and DAVID DEBORA, Appellant, et al., Respondent. [979 NYS2d 577]—

Appeal from order, Supreme Court, New York County (Lottie E. Wilkins, J.), entered March 12, 2012, insofar as it granted an application by petitioner temporary guardian of the "person in need of a guardian" (PING) for interim legal fees, and awarded said counsel (Phillips Nizer, LLP) fees and disbursements, unanimously dismissed, without costs, for lack of standing. Order and judgment (one paper), same court and Justice, entered July 20, 2012, which, inter alia, appointed cross-petitioner as one of two co-guardians of the person and property of the PING, his mother, respondent Lea Debora, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 18, 2012, which denied cross-petitioner's motion to reargue the July 20, 2012 order and judgment, unanimously dismissed, without costs, as taken from a nonappealable order. Order, same court and Justice, entered February 20, 2013, which denied cross-petitioner's motion for authorization to retain specified attorneys as counsel to represent him in his capacity as co-guardian of the person and property of his mother, unanimously affirmed, without costs.

Dismissal of the cross-petitioner's appeal from the order entered March 12, 2012 is warranted for lack of standing. The cross-petitioner was not appointed as a co-guardian of his mother's property until July 20, 2012, subsequent to entry of the fee award order now challenged. Moreover, cross-petitioner had no direct interest in whether or not petitioner's court-authorized counsel was paid, or whether such fees would be paid from his mother's substantial estate. Cross-petitioner was not "aggrieved" (CPLR 5511), as he did not stand to be directly affected by the interim fee award. "That 'the adjudication "may remotely or contingently affect interests which the party represents does not give it a right to appeal" ' " (*State of New York v Philip Morris Inc.*, 61 AD3d 575, 578 [1st Dept 2009], *appeal dismissed* 15 NY3d 898 [2010]).

Cross-petitioner's argument, inter alia, that "errors" in the judgment warranted its vacatur is unavailing, inasmuch as certain provisions that cross-petitioner sought to be included in the judgment would entitle him to, inter alia, immediate receipt of assets belonging to his mother, despite her express wishes otherwise. We find the record amply supports the discretion of the trial court to utilize petitioner's proposed order and judgment, as modified by the court, to define the terms of the co-guardianship appointments.

The trial court also properly exercised its discretion in denying cross-petitioner's motion for authorization to retain speci-

fied counsel to represent him in his co-guardian capacity given, inter alia, said counsel's history of representing cross-petitioner in litigation that was adverse to his mother's interests, their tendency to engage in burdensome litigation, and their receipt of fees paid by cross-petitioner, without court approval, from assets that his mother legally controlled.

We have considered cross-petitioner's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Andrias, Richter and Clark, JJ.